CARRIERS—INJURY TO PASSENGER—HUSBAND AND WIFE—DAMAGES—LOSS OF WIFE'S EARNINGS—MEDICAL EXPENSES.

In an action by a husband against a carrier for injury to his wife from the premature starting of a car she was attempting to board, the husband is entitled to recover for loss of his wife's earnings and for medical expenses furnished.

Appeal from municipal court of city of New York, First district.

Action by Walter Robinson against the Metropolitan Street-Railway Company.　From a judgment of the New York City municipal court in favor of plaintiff, defendant appeals.　Affirmed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

G. Glenn Worden, for appellant.
J. M. Birnbaum, for respondent.

BISCHOFF, P. J.　The appellant produced no evidence, and the record discloses no exceptions, other than those taken to the denial of the motion for the dismissal of the complaint, and to the refusal to withdraw from the jury the claim for loss of earnings and expense incurred for medical attendance.　The evidence amply supports the cause of action for negligence, based upon the act of the defendant in causing its car to be started while the plaintiff's wife was attempting to board it, after it had come to a stop for the purpose.　The circumstances negative the presence of contributory negligence sufficiently for the finding of the jury, and, upon the record, the plaintiff was properly allowed to recover for the loss of his wife's earnings and for medical expenses.　From our examination of the case, we conclude that the appeal is without merit, and that argument is wholly unnecessary to sustain the judgment, in assailing which the appellant has deemed it inexpedient to submit a brief.

Judgment affirmed, with costs.　All concur.

---

(34 Misc. Rep. 525.)

BANNER v. D'AUBY.

(Supreme Court, Appellate Term.　April 22, 1901.)

ATTORNEY AND CLIENT—MONEY RECEIVED—DEMAND—NONSUIT.

Where, in an action to recover money lawfully received by an attorney for a client, plaintiff presents no proof of any demand made, he is properly nonsuited.

Appeal from municipal court of city of New York, Tenth district.

Action by Peter Banner against Louis J. D'Auby.　From a judgment dismissing his complaint for failure of proof, plaintiff appeals. Affirmed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

Wales F. Severance, for appellant.
Louis A. Gould, for respondent.

BISCHOFF, P. J.   The action is to recover money in the hands of
the defendant, received by him, as attorney at law, when engaged in
collecting certain claims for the plaintiff's assignor, and which money
he had failed to pay over after demand.   Apparently the complaint
is framed in assumpsit, and does not proceed for tort, but, whether
the action is to be treated as for conversion, or for money had and
received, proof of a demand was essential to the plaintiff's case, and
the making of the demand was placed in issue by the answer.   Admit-
tedly, the original receipt of the money by the defendant was lawful.
Therefore, without a demand, there can be no conversion, and a de-
mand must be made before an action may be maintained to recover
moneys of the client alleged to be in the hands of the attorney.
Grinnell v. Sherman (Sup.) 14 N. Y. Supp. 544.

In the absence of the slightest proof that any demand was made,
the plaintiff was properly nonsuited, and the judgment must be af-
firmed, with costs.   All concur.